UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BYRON T. GILL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:17-cv-14 |
| ) | |
| ) | |
| ) | |
| AZTECA MILLING, L.P. d/b/a ) | |
| AZTECA MILLING ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**
(Demand for Trial by Jury)

Plaintiff, Byron T. Gill ("Gill"), by counsel, states his cause of action against Defendant, Azteca Milling, L.P. doing business as Azteca Milling ("Azteca" or "Defendant"), as follows:

I.
<u>INTRODUCTION</u>

1. Congress designed the Fair Labor Standard Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a). The FLSA enforcement mechanisms prevent employers from pilfering away the salary rightfully earned by their employees.

2. Plaintiff was a salaried employee of Defendant Azteca over at least the last three (3) years. Defendant knowingly, deliberately, and voluntarily failed to pay Plaintiff overtime at the formula prescribed by the FLSA.

3. During the time frame in question, Defendant classified Plaintiff Gill as exempt from overtime wages. However, this classification is incorrect.

4. Consequently, Defendant's conduct violates the FLSA because the FLSA mandates that non-exempt employees, such as Plaintiff Gill, be paid one and one-half his regular rate of pay for all hours worked in excess of forty (40) within a single week.

5. So, Plaintiff Gill seeks to recover all unpaid wages and other damage owed to him under the FLSA in order to remedy the extensive and sweeping violations of the wage and hour provisions of federal law. These violations of the law deprived Plaintiff Gill of his lawfully earned wages.

## II.
## SUBJECT MATTER JURISDICTION AND VENUE

6. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. §§ 201, *et seq.*

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the action giving rise to this claim occurred in this District, including a number of the wrongs herein alleged.

# III.
# PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Gill is an individual who, at all times relevant hereto, has resided in Evansville, Indiana.

9. Defendant, Azteca, is a limited partnership created under the laws of the State of Texas. Defendant Azteca does business within the geographic boundaries of the Southern District of Indiana and has a registered agent in the State of Indiana.

10. This Court has personal jurisdiction over Defendant because the Defendant has purposefully availed itself of the privileges of conducting activities in the State of Indiana. The activities in Indiana constitute minimum contacts sufficient to confer jurisdiction. The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice, and such assumption of jurisdiction is consistent with the due process requirements of the Constitution.

11. The continuous and systematic contacts of Defendant with the state are sufficient to establish general jurisdiction upon Defendant.

12. Defendant maintains a place of business located in Vanderburgh County, Indiana. Further, Defendant employs Indiana citizens, holds property rights in Indiana, advertises for services in Indiana, and a considerable portion of Defendant's total business activities occur in Indiana.

13. This cause of action arose from or relates to Defendant's contacts with Indiana, thereby conferring specific jurisdiction as well.

14. In particular, Defendant employed Indiana citizens and failed to pay them according to the clear strictures of the FLSA.

## IV.
## FLSA COVERAGE

15. At all material times, Defendant has been an employer within the meaning of FLSA. 29 U.S.C. § 203(d).

16. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. 203(r).

17. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact that Defendant has had and continues to have employees engaged in commerce.

18. Defendant has an annual gross business volume of not less than $500,000, thereby exceeding the statutory minimum for FLSA actions.

19. Plaintiff Gill is a nonexempt employee under the FLSA.

## V.
## FACTS

20. Defendant Azteca is a division of Gruma Corporation. Defendant Azteca is a producer of Maseca. Maseca is a prepared corn flour used for making tortillas and other foods. Maseca is made up of ground dried corn that's been previously soaked in lime water. With over 50 years of experience Gruma holds itself out as the world's largest producer of corn masa flour.

21. Employees, such as Plaintiff Gill, serve an important role in the Evansville business location of Defendant. Indeed, until December of 2016, Plaintiff was labeled as a warehouse supervisor, but spent the majority of his time doing non-supervisory duties, such as, riding forklift trucks and doing other physical labor. Operating fork trucks is the same job duties performed by hourly employees.

22. Moreover, Plaintiff loaded trucks. This work is very physical in nature. In contrast to the physical work, Plaintiff spent very little time, if any, hiring, firing, evaluating other employees or providing discipline for other employees.

23. Over the last three years, Plaintiff Gill has worked in excess of forty (40) hours during work weeks yet was not paid time and a half for hours worked in excess of forty hours worked in a given week. Indeed, Plaintiff Gill was salaried and was only paid for forty hours each week regardless of how many hours he worked in excess of forty hours each week. And, it was not unusual during this time that Plaintiff worked twelve (12) hour days – six (6) days per week.

24. To no avail, Plaintiff objected to Defendant's management about working overtime hours without overtime pay.

25. Defendant intentionally misclassified Plaintiff as exempt employees under the FLSA. By so classifying their employees in this manner, Defendant paid a flat salary to Plaintiffs and made no adjustment in pay for overtime. This pay practice is illegal under the FLSA.

26. Because Plaintiff engaged in carrying out the employer's day-to-day activities, such as operating forklift trucks, rather than in determining the overall course and policies of the business, he cannot be exempted under the FLSA. Thus, Defendant's failure to pay overtime violates the FLSA.

27. Furthermore, Plaintiff, for the vast majority of his work, operated in nonsupervisory capacities. He had little or no authority to hire or fire other employees, set any policies, or deviate from the standard operating procedures dictated by Defendant concerning his employment.

## VI.
## CAUSES OF ACTION

**Plaintiff Gill's Count for Violation of the FLSA**

28. Plaintiff Gill incorporates the material allegations of paragraphs 1-27 as set forth fully herein by reference.

29. Plaintiff Gill's cause of action in this suit arises from Defendant's violation of the FLSA for Defendant's failure to pay Plaintiff Gill overtime based on the statutory formula.

30. For all the time worked in excess of forty (40) hours in individual workweeks, Plaintiff Gill is entitled to be paid one and one-half is regular rate of pay. 29 U.S.C. § 207.

31. Defendant, therefore, violated the FLSA's overtime provision by failing to pay Plaintiff Gill consistent with the one and one-half overtime compensation formula.

32. No exception provided in the FLSA, its accompanying regulations, or recognized by courts authorizes Defendant to disregard paying overtime to Plaintiff Gill when such overtime is earned.

33. Defendant's failure to pay overtime, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Plaintiff Gill will seek the Court or a jury to determine his rights pursuant to the FLSA, award all damages, including but not limited to liquidated damages, and to direct Defendant to account for all back wages, prejudgment interests and other damages due to Plaintiff.

## VII.
## WAGE DAMAGES SOUGHT

35. Plaintiff Gill is entitled to recover his unpaid overtime premiums.

36. Plaintiff Gill is entitled to recover an amount equal to all his unpaid overtime as liquidated damages. 29 U.S.C. § 216(b).

37. Plaintiff Gill is entitled to recover attorney's fees and costs, as required by the FLSA. 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, demands judgment in his favor and request that the Court grant the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs, in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiffs;

b. An equal amount as liquidated damages as allowed under the FLSA;

c. An Order awarding costs and expenses of this action;

d. An Order awarding reasonable attorney fees;

e. An Order awarding pre- and post-judgment interest at the highest rates allowed by law;

f. An Order preliminarily and permanently restraining Defendant from engaging in the aforementioned pay violations; and

g. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Lane C. Siesky*
Lane C. Siesky #21094-53
Karolina Viehe #30894-82
SIESKY & VIEHE, PC
4424 Vogel Road, Suite 305
Evansville, Indiana 47715
Telephone: (812) 402-7700
Facsimile: (812) 402-7744
Email: lane@sieskylaw.com
Email: karolina@sieskylaw.com
ATTORNEYS FOR PLAINTIFF

## REQUEST FOR TRIAL BY JURY

Plaintiff Gill hereby demands a trial by jury on all counts so triable.

*s/ Lane C. Siesky*
Lane C. Siesky #21094-53
Karolina Viehe #30894-82
SIESKY & VIEHE, PC
4424 Vogel Road, Suite 305
Evansville, Indiana 47715
Telephone: (812) 402-7700
Facsimile: (812) 402-7744
Email: lane@sieskylaw.com
Email: karolina@sieskylaw.com
ATTORNEYS FOR PLAINTIFF